(c)COPY

Jeanne L. Zimmer (SBN: 123321)
Zimmerj@cmtlaw.com
Tamar Gabriel (SBN: 266860)
Gabrielt@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
CREDIT COLLECTION SERVICES, INC.

FILED
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
2013 OCT -1  PM 2: 35
BY: ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

JOYCE TULLOUS, an individual,

    Plaintiff,

vs.

CREDIT COLLECTION
SERVICES, INC., and DOES 1
through 10, inclusive,

    Defendant.

CASE NO. ED CV 13 - 01778 VAP (DTBx)

BY FAX

**NOTICE OF REMOVAL**

## DEFENDANT'S NOTICE OF REMOVAL

Defendant CREDIT COLLECTION SERVICES, INC. hereby files this

notice of removal under 28 U.S.C. §1446(a).

### INTRODUCTION

1. Defendant is CREDIT COLLECTION SERVICES, INC.

("Defendant"); Plaintiff is JOYCE TULLOUS ("Plaintiff").

1

NOTICE OF REMOVAL

07659.00/00009283

2.     Upon information and belief, Plaintiff initially filed this case on August 19, 2013 in the Superior Court of California, County of Riverside, Case No. RIC 1309731. A true and correct copy of Plaintiff's original Summons and Complaint is attached hereto as Exhibit "A."

3.     On September 3, 2013, Defendant was personally served with the Summons and a copy of Plaintiff's Complaint.

4.     As Defendant received Plaintiff's Complaint on September 3, 2013, Defendant files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b), and as extended via FRCP 6. See *Wells v. Gateways Hosp. & Mental Health Ctr.*, 1996 U.S. App. LEXIS 2287 at *2 (9th Cir. Cal. Jan. 30, 1966).

5.     Defendant has already filed an Answer to Plaintiff's Complaint in the Superior Court of California, County of Riverside on October 1, 2013, a true and correct copy of Defendant's Answer that was filed is attached hereto as Exhibit "B."  The Defendant has not yet received a conformed copy of the Answer and will send the conformed copy to this court as soon as it becomes available to Defendant.

## A. BASIS FOR REMOVAL

6.     Removal is proper because Plaintiff's Complaint involves a federal question.  28 U.S.C. §§1331, 1441(b); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757-58 (6th Cir. 2000); *Peters v. Union Pac. R.R.*, 80 F.3d 257, 260 (8th

2

07659.00/00009283

Cir. 1996). Specifically, Plaintiff has alleged claims that arise under 15 U.S.C. § 1692, *et seq.* for alleged violations of the Fair Debt Collection Practices Act. It is therefore an action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a). This Court also has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

8. Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

## B. JURY DEMAND

9. Plaintiff demands a jury in the state court action. Defendant also demands a jury trial.

## C. CONCLUSION

10. Defendant respectfully requests removal of this action as it involves a Federal question under the Fair Debt Collection Practices Act, 15 U.S.C. §1692.

///

///

///

3

NOTICE OF REMOVAL

07659.00/00009283

DATED:  October 1, 2013          CARLSON & MESSER LLP


By: /s/ Tamar Gabriel
    Jeanne L. Zimmer
    Tamar Gabriel
    Attorneys for Defendant,
    MIDLAND FUNDING, LLC

4

NOTICE OF REMOVAL

07659.00/00009283

**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)



**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA,
COUNTY OF RIVERSIDE

AUG 19 2013

A. VILLEGAS

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CREDIT COLLECTION SERVICES, INC., and DOES 1 THROUGH 10, INCLUSIVE,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
Joyce Tullous, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of Riverside<br><br>4050 Main Street<br>Riverside, CA 92501 | **CASE NUMBER:**<br>*(Número del Caso):*<br>**RIC   1309731** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Paul Mankin, Esq., 8730 Wilshire Blvd., Suite 310, Beverly Hills, CA 90211, (800) 219-3577

| | | |
|---|---|---|
| DATE:<br>*(Fecha)* **AUG 19 2013** | Clerk, by<br>*(Secretario)* **A. VILLEGAS** | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*:   Credit Collection Services, Inc.

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

*Page 1 of 1*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Paul Mankin, Esq. (SBN 264038)
The Law Office of L. Paul Mankin
8730 Wilshire Blvd., Suite 310
Beverly Hills, CA 90211
Phone: (800) 219-3577
Fax: (323) 207-3885
pmankin@paulmankin.com
www.paulmankin.com
Attorney for Plaintiff

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

AUG 19 2013

A. VILLEGAS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF RIVERSIDE
## LIMITED JURISDICTION

Case No. **RIC   1309731**

| | |
|---|---|
| JOYCE TULLOUS, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> CREDIT COLLECTION SERVICES, INC., and DOES 1 through 10, inclusive, <br><br> Defendant. | COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND FEDERAL FAIR DEBT COLLECTION PRACTICES ACT <br><br> (Amount not to exceed $10,000) <br><br> 1. Violation of Rosenthal Fair Debt Collection Practices Act <br> 2. Violation of Fair Debt Collection Practices Act |

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint  1

## II. PARTIES

2.      Plaintiff, Joyce Tullous ("Plaintiff"), is a natural person and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).  Plaintiff at all relevant times with respect to this complaint was a resident of Los Angeles County California.

3.      At all relevant times herein, Defendant, Credit Collection Services, Inc., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692(a)(5), and a "consumer debt," as defined by Cal. Civ. Code §1788.2(f).   Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

4.      Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, and therefore names said Defendants under provisions of Section 474 of the California Code of Civil Procedure.

5.      Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 10 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

## III. FACTUAL ALLEGATIONS

6.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted by Plaintiff at 951-378-3197 regarding alleged deficiency auto loan debt that is over thirteen years old.  Defendant placed many of its collection calls from 617-581-1071.

7.     On information and belief, on average, Plaintiff has received two or three telephone calls per day from Defendant.

8.     On information and belief, on average, Plaintiff received ten or more calls per week.

9.     On multiple occasions, Plaintiff demanded that Plaintiff stop contacting her, but Defendant continued to contact her nonetheless.

10.    Defendant also insulted Plaintiff on multiple occasions for not making a payment upon Defendant's demand.

11.    On information and belief, Plaintiff alleges that Defendant attempted to collect a debt that is not owed.

12.    Moreover, Defendant threatened a legal action that on information and belief, Defendant had no intention to take.

13.    Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692(d));

   b) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number (§1692d(5));

   c) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));

   d) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ. Code §1788.11(d));

   e) Attempted to collect an amount from consumer not legally owed (§1692e(2).

   f) Threatened to take a legal action against the consumer without the intention to do so ((§1692e(5)

14.     As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

15.     Plaintiff reincorporates by reference all of the preceding paragraphs.

16.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

      A.    Actual damages;
      B.    Statutory damages for willful and negligent violations;
      C.    Costs and reasonable attorney's fees; and
      D.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT
## COLLECTION PRACTICES ACT

17.     Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

      A.    Actual damages;
      B.    Statutory damages;
      C.    Costs and reasonable attorney's fees; and,
      D.    For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted this August 13, 2013

By: _____

Paul Mankin, Esq.
Attorney for Plaintiff

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Paul Mankin, Esq. (SBN 264038)
The Law Office of ... Paul Mankin
8730 Wilshire Blvd., Suite 310
Beverly Hills, CA 90211
TELEPHONE NO. 800-219-3577   FAX NO. 323-207-3885
ATTORNEY FOR (Name): Plaintiff, Joyce Tullous

**FOR COURT USE ONLY**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Riverside Courthouse

CASE NAME:
Tullous, Joyce v. Credit Collection Services, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) | ☑ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | RIC 1309731 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 2
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 13, 2013
Paul Mankin, Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com



## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item.
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA  92501
www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT

TULLOUS VS CREDIT COLLECTION SERVICES INC
CASE NO:  RIC1309731

This case has been assigned to Judge Sharon J. Waters
in Department 01.

A Trial Setting Conference is scheduled for 08/21/14 at
8:30 a.m. in Department 01.  Department 01 is located
in the Riverside Civil Division at 4050 Main Street, Riverside,
CA 92501.

Mediation services will be provided at the Trial Setting Conference.
All persons with case settlement authority are expected to attend
the Trial Setting Conference.

Case is Assigned to Department 02 for Law and Motion Purposes.


Pursuant to recent amendments to California Rules of Court 3.720, the
court is temporarily eliminating case management rules and therefore
will not require parties to file case management statements.

Jury fees are due no later than 365 calendar days after the filing
of the initial complaint pursuant to CCP 631(c)(2).

The filing party shall serve a copy of this notice on all parties.

The plaintiff/cross-complainant shall serve a copy of this notice on
all defendants/cross-defendants who are named on or added to the
complaint and file proof of service.

Any disqualification pursuant to CCP section 170.6 shall be filed
in accordance with that section.

Requests for accommodations can be made by submitting Judicial Counsil
form MC-410 no fewer than five court days before the hearing. See
California Rules of Court, Rule 1.100.

CERTIFICATE OF MAILING
I certify that I am currently employed by the Superior Court of
California, County of Riverside and I am not a party to this action
or proceeding.In my capacity,I am familiar with the practices and
procedures used in connection with the mailing of correspondence.Such
correspondence is deposited in the outgoing mail of the Superior Court
Outgoing mail is delivered to and mailed by the United States Postal
Service,postage prepaid,the same day in the ordinary course of
business.I certify that I served a copy of the foregoing Notice on
this date, by depositing said copy as stated above.


Court Executive Officer/Clerk

Dated: 08/21/13            By_____ Deputy Clerk
                              ANNAMARIA A VILLEGAS

ac: tscr

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | |
|---|---|
| ☐ **BANNING** 135 N. Alessandro Rd., Banning, CA 92220 | ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ **HEMET** 880 N. State St., Hemet, CA 92543 | ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |
| ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | |

RI-030

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address)
L. Paul Mankin (SBN 264038)
The Law Office of L. Paul Mankin
8730 Wilshire Blvd., Suite 310
Beverly Hills, CA 90211
TELEPHONE NO. 800-219-3577        FAX NO. (Optional) 323-207-3885
E-MAIL ADDRESS (Optional)
ATTORNEY FOR (Name) Plaintiff Joyce Tullous

FOR COURT USE ONLY

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

AUG 19 2013

A. VILLEGAS

PLAINTIFF/PETITIONER: Joyce Tullous

DEFENDANT/RESPONDENT: Credit Collection Services, Inc.

CASE NUMBER:
RIC   1309731

### CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒   The action arose in the zip code of: 92504

☐   The action concerns real property located in the zip code of: _____

☒   The Defendant resides in the zip code of: 92504

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  8/15/13 _____

_L. Paul Mankin_____                    ►    _____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)                    (SIGNATURE)

Approved for Optional Use
Riverside Superior Court
RI-030 [Rev 07/29/13]

**CERTIFICATE OF COUNSEL**

Page 1 of 1
Local Rule 1.0015
riverside.courts.ca.gov/localforms/localforms.shtml

**EXHIBIT B**

Jeanne L. Zimmer (SBN: 123321)
Zimmerj@cmtlaw.com
Tamar Gabriel (SBN: 266860)
Gabrielt@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
CREDIT COLLECTION SERVICES, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE

LIMITED JURISDICTION

|  |  |
|---|---|
| JOYCE TULLOUS, an individual, | CASE NO. RIC 1309731 |
| Plaintiff, | |
| vs. | |
| CREDIT COLLECTION SERVICES, INC., and DOES 1 through 10, inclusive, | **ANSWER TO COMPLAINT** |
| Defendant. | |

Defendant CREDIT COLLECTION SERVICES, INC., ("Defendant"), for itself and for no other, hereby answers the Complaint of JOYCE TULLOUS ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to *Code of Civil Procedure* section 431.30, Defendant generally and specifically denies each and every, all and singular, the allegations contained in the Complaint and further denies that Plaintiff was damaged in any sum or sums alleged, or to be alleged, or in any sum or sums whatsoever.

///

1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint, and all allegations contained therein, or portions thereof, are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

3. As a separate, affirmative defense, Defendant alleges that its actions were proper and did not violate any statutes, including the provisions of the Fair Debt Collection Practices Act ("FDCPA") or the Rosenthal Fair Debt Collection Practices Act ("RFDCPA").

### FOURTH AFFIRMATIVE DEFENSE

4. As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and the furtherance of a legitimate business purpose.  Further, Defendant acted in good faith in the honest belief that the acts, conduct, and communications, if any, of Defendant were justified under the circumstances based on information reasonably available.

### FIFTH AFFIRMATIVE DEFENSE

5. As a separate, affirmative defense, Defendant alleges that it did not engage in any conduct that was intentional, knowing, willful, reckless, grossly negligent, malicious, wanton or outrageous, and that Defendant at all times acted in good faith with respect to its communications with Plaintiff and/or third parties, if any there were.

2

### SIXTH AFFIRMATIVE DEFENSE

6.      As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 15 U.S.C. §§ 1692k(a)(1), 1692k(a)(2)(A), 1692k(a)(3) and 1692k(b)(1).

### SEVENTH AFFIRMATIVE DEFENSE

7.      As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred by the doctrines of unclean hands, laches, waiver and/or estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

8.      As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages were not proximately caused by any acts or omissions of Defendant.

### NINTH AFFIRMATIVE DEFENSE

9.      As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

### TENTH AFFIRMATIVE DEFENSE

10.     Plaintiff's injuries, losses, or damages alleged in the Complaint were caused, or causally contributed to, by the comparative fault, negligence, negligence per se, assumption of the risk, and/or culpable conduct of Plaintiff, and the amount of damages, if any, that may be recovered by Plaintiff from Defendant must be diminished in the proportion that Plaintiff's own conduct contributed to the cause of her alleged injuries, losses or damages.

///

///

## ELEVENTH AFFIRMATIVE DEFENSE

11.     As a separate, affirmative defense, Defendant alleges that, at all times alleged in the Complaint, maintained reasonable procedures created to prevent any violations of the FDCPA, the RFDCPA, and/or other statutes and that Defendant's conduct was reasonable thereby preventing any finding of negligent or intentional conduct under said Act and/or other statutes.

## TWELFTH AFFIRMATIVE DEFENSE

12.     As a separate, affirmative defense, Defendant alleges that if it is assumed, arguendo, that Defendant violated a statute as alleged in Plaintiff's Complaint, which presupposition Defendant denies, such violation was neither negligent nor intentional, and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are or may be subject to an arbitration agreement requiring said claims to be decided by mandatory and binding arbitration.  If so, Defendant reserves its right to seek arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act and/or other statutes.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     As a separate, affirmative defense, Defendant alleges, to the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

///

///

4

### FIFTEENTH AFFIRMATIVE DEFENSE

15.    As a separate, affirmative defense, Defendant alleges that it reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.    As a separate, affirmative defense, Defendant alleges that Plaintiff has not provided material facts to support their contention that Defendant either willfully or negligently violated the FDCPA or RFDCPA.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Defendant reserves the right to remove this case to Federal Court and do not waive this right by filing this Answer in State Court.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.


DATED:  October 1, 2013          CARLSON & MESSER LLP


                                 By: _____
                                     Jeanne L. Zimmer
                                     Tamar Gabriel
                                     Attorneys for Defendant,
                                     CREDIT COLLECTION SERVICES, INC.

**PROOF OF SERVICE**

STATE OF CALIFORNIA                    )
                                       )     ss.
COUNTY OF LOS ANGELES                  )

     I am employed in the County of Los Angeles, State of California.

     I am over the age of eighteen years and not a party to the within action. My business address is 5959 W. Century Blvd., Suite 1214, Los Angeles, California  90045.

     On **October 1,  2013**, I served the foregoing document(s) described as**: NOTICE OF REMOVAL** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

**[X]**    **BY MAIL**:  I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP.  I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

**[]**    **BY ELECTRONIC MAIL**:
Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list).  I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[]**    **PERSONAL SERVICE BY HAND**- I personally served document to address stated on POS Service List.

**[]**    **BY FACSIMILE**- I transmitted via telecopier machine such document to the offices of the addressees.

**[]**    **(STATE)**  - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**[X]**    **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this **1st** day of **October 2013** at  Los Angeles, California.

*Linda Brooks*
Linda Brooks

1

<u>SERVICE LIST</u>
<u>Joyce Tullous v. Credit Collection Services, Inc.,et al.</u>
Our File No . 07659.00

2

3

Paul Mankin, IV                                    **Attorney for Plaintiff:**

4   **LAW OFFICES OF PAUL MANKIN IV**             **JOYCE TULLOUS**

5   8730 Wilshire Blvd., Suite 310
    Beverly Hills, CA 90211

6   Tele: (800) 219-3577
    Fax: (323) 207-3885

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2
PROOF OF SERVICE



**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Joyce Tullous

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Credit Collection Services, Inc.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

Paul Mankin (SBN: 264038)
The Law Office of I. Paul Mankin
8730 Wilshire Blvd., Suite 310
Beverly Hills, CA 90211/Tele: (800) 219-3577/Fax: (323) 207-3885

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

Jeanne L. Zimmer (SBN: 123321)/Tamar Gabriel (SBN: 266860)
CARLSON & MESSER LLP
5959 W. Century Blvd., Suite 1214
Los Angeles, CA  90045/Tele: (310) 242-2200/Fax: (310) 242-2222

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No    (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. Section 1692, et seq.
Alleged violation of the Fair Credit Reporting Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:   ED CV 13 - 01778 VAP    (DTBx)

CV-71 (09/13)    CIVIL COVER SHEET    Page 1 of 3

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Virginia A. Phillips_____ and the assigned Magistrate Judge is _____David T. Bristow_____ .

The case number on all documents filed with the Court should read as follows:

## EDCV13-01778 VAP (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

**TERRY NAFISI**

Clerk, U. S. District Court

_____October 1, 2013_____
Date

By __L. Murray__
Deputy Clerk

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| ☐ Western Division | ☐ Southern Division | ☒ Eastern Division |
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**